IN THE CIRCUIT COURT OF FAYETTE COUNTY, TENNESSEE
FOR THE TWENTY-FIFTH JUDICIAL DISTRICT AT SOMERVILLE

TIMOTHY LARUE,

        Plaintiff,

v.

WERNER CO., and
WERNERCO SERVICES, INC.,

        Defendants,

RECEIVED & FILED
CIRCUIT COURT
AT ___3:15___ ___M.
Docket No.: __24CV7__

FEB - 2 2024   JURY DEMANDED

FAYETTE COUNTY, TN
ED PULLIAM, CLERK

BY:_____

## COMPLAINT FOR PERSONAL INJURIES

Plaintiff Timothy Larue, by and through his counsel, files this Complaint against Defendants Werner Co., and Wernerco Services, Inc., and for his cause of action states:

### NATURE OF THE ACTION

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was injured by a ladder manufactured by Werner bearing a serial number of 26309732.

2. On February 3, 2023, Plaintiff suffered serious and substantial injuries as the direct and proximate result of the subject ladder's splitting in two, causing Plaintiff to fall from a significant height.

3. As a direct and proximate result of Defendant's conduct, Plaintiff has incurred painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

1

**EXHIBIT**

A

## PARTIES, JURISDICTION AND VENUE

4.    Plaintiff Timothy Larue is an adult resident citizen of the state of Virginia. At the time of the subject incident, Plaintiff was a resident and citizen of Shelby County, Tennessee.

5.    Defendant Werner Co. is a corporation with its principal place of business in Itasca, Illinois. Werner may be served by service upon its registered agent for service of process CT Corporation System, 208 South LaSalle St., Suite 814, Chicago, IL 60604-1101.

6.    Defendant Wernerco Services, Inc. is a corporation with its principal place of business in Itasca, Illinois. Wernerco Services, Inc. may be served by service upon its registered agent for service of process CT Corporation System, 208 South LaSalle St., Suite 814, Chicago, IL 60604-1101.

7.    Werner Co. and Wernerco Services, Inc. (collectively "Werner") designs, manufactures, and distributes ladders.

## JURISDICTION AND VENUE

8.    This Court may properly exercise general jurisdiction over Werner because Werner manufactures and distributes for sale products in Tennessee, including the defective product at issue in this lawsuit. Both Defendants have sufficient minimum contacts with the State of Tennessee and have intentionally availed themselves of the markets within Tennessee through the promotion, sale, marketing, and distribution of its products in Tennessee.

9.    Venue is proper in this court because all or a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

10.    On February 3, 2023, Plaintiff was employed by State Systems, a company which services fire suppression systems.

2

11. While on the job attending to the fire suppression system of NHC Healthcare in Somerville, Tennessee, Plaintiff was using a ladder manufactured by Werner.

12. Plaintiff was using the subject ladder for its intended purpose and in a manner which was reasonable and foreseeable by Defendants.

13. Without warning, the subject ladder on which he was standing split in two, causing him to fall approximately fifteen feet to the ground.

14. A photograph of the ladder in its condition immediately after the fall is attached hereto as **Exhibit A**.

15. Plaintiff sustained serious injuries as a result of the fall, injuries which include a compression fracture to his L4 vertebra and a fracture to his left ankle.

16. Plaintiff seeks compensatory damages resulting from his use of Defendants' product as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

### FIRST CAUSE OF ACTION
#### (Strict Products Liability – Manufacturing Defect)

17. Plaintiff repeats and incorporates by reference the foregoing allegations as if set forth fully herein.

18. At the time of Plaintiff's injuries, the subject ladder was defectively manufactured, rendering it unreasonably dangerous for use by foreseeable consumers, including Plaintiff. Specifically, it was manufactured in such a way that the two halves of the ladder separated without warning, causing Plaintiff to fall from a dangerous height.

3

19. The subject ladder was in the same or substantially similar condition as when it left the possession of Defendants.

20. Plaintiff did not misuse or materially alter the subject ladder.

21. The ladder did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

22. As a direct and proximate result of Defendant's defective manufacturing of the subject ladder, Plaintiff has sustained injuries and damages.

## SECOND CAUSE OF ACTION
### (Strict Products Liability – Defective Design)

23. Plaintiff repeats and incorporates by reference the foregoing allegations as if set forth fully herein.

24. At the time of Plaintiff's injuries, the subject ladder was defectively designed, rendering it unreasonably dangerous for use by foreseeable consumers, including Plaintiff. Specifically, it was designed in such a way that the two halves of the ladder separated without warning, causing Plaintiff to fall from a dangerous height.

25. The subject ladder was in the same or substantially similar condition as when it left the possession of Defendants.

26. Plaintiff did not misuse or materially alter the subject ladder.

27. The ladder did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

28. Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the subject ladder safe. Specifically:

4

a. The ladders designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential injuries resulting from the product separating while in use drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendants failed to warn and place adequate warnings and instructions on the subject ladders;

d. Defendants failed to adequately test the subject ladders; and

e. Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives that could have prevented Plaintiff's injuries and damages.

29. Defendants' actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

### THIRD CAUSE OF ACTION
#### (Negligence)

30. Plaintiff repeats and incorporates by reference the foregoing allegations as if set forth fully herein.

31. Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective ladders which are reasonably safe for their intended uses by consumers such as Plaintiff.

32. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its

5

ladders in that Defendants knew or should have known that the subject ladders created a high risk of unreasonable harm to Plaintiff and to consumers alike.

33.    Defendant was negligent in the design, manufacture, advertising, warning, marketing, and sale of its ladders in that, among other things, they:

a.    Failed to use due care in designing and manufacturing the ladders to avoid the aforementioned risks to individuals, to wit, the risk that the two halves of the ladder would spontaneously separate during use;

b.    Placed an unsafe product into the stream of commerce;

c.    Were otherwise careless or negligent.

34.    Defendants' negligence was the direct and proximate cause of Plaintiff's injuries and damages.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose)

35.    Plaintiff repeats and incorporates by reference the foregoing allegations as if set forth fully herein.

36.    Defendants manufactured, supplied, and sold their ladders with an implied warranty that they were merchantable and fit for the particular purpose of allowing individuals to climb to greater heights in a safe manner.

37.    Members of the consuming public, including consumers such as Plaintiff or Plaintiff's employer, were the intended third-party beneficiaries of the warranty.

38.    Defendants' ladders were not merchantable and were not fit for the particular purpose as a safe method of allowing individuals to climb to greater heights due to the unreasonable risks of bodily injury associated with their use.

6

39.    Plaintiff reasonably relied on Defendants' representations that the subject ladder was merchantable and fit for its particular purpose.

40.    Defendants' breaches of the implied warranties of merchantability and of fitness for a particular purpose were the direct and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff prays for the following relief against Defendants:

a)    Compensatory damages in an amount of $300,000.00;

b)    Pre- and post-judgment interest at the lawful rate;

c)    Court costs and discretionary costs;

d)    Such other and further relief as justice may require.

PLAINTIFF DEMANDS A JURY OF TWELVE TO TRY ALL ISSUES PROPERLY PRESENTED TO A JURY.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

Taylor A. Cates (BPR #20006)
Robert L. Gatewood (BPR #24435)
130 N. Court Avenue
Memphis, TN 38103
Phone: (901) 524-5000
Fax: (901) 524-5024
tacates@bpjlaw.com
rgatewood@bpjlaw.com

7

